**DANYAN CHEN, Qiyao Chen, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–3907–ag(L), 04–3908–ag(con).**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Thomas V. Massucci, New York, New York, for Petitioners.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Danyan Chen and Qiyao Chen, married citizens of the People's Republic of China, seek review of a June 29, 2004 order of the BIA denying Qiyao Chen's motion to reopen. *In re Qiyao Chen,* No. A95 377 030 (B.I.A. June 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

■ The BIA's denial of the Chens' motion to reopen was a proper exercise of the Board's discretion. An applicant must submit a motion to reopen within 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). The Chens did not submit their motion to reopen until well after this deadline. An exception to the 90–day limit does exist where a motion to reopen is "based on changed circumstances arising in the country or nationality to which deportation has been ordered, if such evidence is material and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, the Chens did not raise this claim in their motion to reopen and it is therefore waived. *Foster v. I.N.S.,* 376

F.3d 75, 78 (2d Cir.2004); 8 U.S.C. § 1252(d)(1).

 Even if we were to find that the Chens did not waive their claim of changed country conditions, we would still conclude that the BIA properly exercised its discretion in denying the motion to reopen, as the Chens failed to present the BIA with any evidence of changed country conditions. The only evidence included in support of the Chens' motion to reopen was a letter from Qiyao's mother, which alleges a continuing pattern of persecution extending back to before the Chens left China. The letter alleges a continuity of persecution over the lifetime of Qiyao's mother, not a change in country circumstances. Accordingly, the BIA properly exercised its discretion in denying the motion to reopen.

For the foregoing reasons the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stray of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).